```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                           HOUSTON DIVISION
```

AMERICAN UNITED PETROLEUM §
CORPORATION, §
　　　　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　　　　§
v. §　　CIVIL ACTION NO. H-12-0740
　　　　　　　　　　　　　　　　§
FREIGHTQUOTE.COM, INC., §
　　　　　　　　　　　　　　　　§
　　　　Defendant. §

## MEMORANDUM AND ORDER

Pending is Defendant Freightquote.com, Inc.'s Motion to Transfer Venue (Document No. 8). After carefully considering the motion, response, and applicable law, the Court concludes that this case should be transferred to the District of Kansas.

### I. Background

Plaintiff American United Petroleum Corporation ("Plaintiff") alleges it contracted with Defendant Freightquote.com, Inc. ("Defendant") to carry a shipment of sucker rods from Houston to a buyer in Pharr, Texas.[1] Plaintiff alleges that Defendant failed to deliver the sucker rods on time and in a suitable condition.[2] As

---

[1] Document No. 1-2 ¶ 5 (Orig. Pet.).

[2] Id. ¶ 7.

a result, Plaintiff alleges, the buyer rejected the entire shipment worth $267,560 and cancelled a second order worth $650,000.[3]

Plaintiff alleges breach of contract, misrepresentation, and negligence and seeks damages, costs and attorney's fees.[4] Defendant moves to transfer venue pursuant to 28 U.S.C. § 1406(a), asserting that a mandatory forum selection clause requires that any action be litigated in United States District Court for the District of Kansas.

## II.  Discussion

A.  Legal Standards

1.  28 U.S.C. § 1406(a)

Under 28 U.S.C. § 1406(a), when venue is found to be improper, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *see also* Launey v. Carnival Corp., No. CIV. A. 97-1470, 1997 WL 426095, at *2 (E.D. La. July 25, 1997) ("Section 1406 . . . provides the mechanism for disposing of an action which has been filed in an improper venue . . . . in contravention of [a] contractual agreement . . . ."). "Although both sections [1404 and 1406] were

---

[3] Id. ¶ 7-8.

[4] Id. ¶¶ 9-21.

broadly designed to allow transfer instead of dismissal, § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, § 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege."  Van Dusen v. Barrack, 84 S. Ct. 805, 818 (1964). "The problem which gave rise to the enactment of [§ 1406(a)] was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." Goldlawr, Inc. v. Heiman, 82 S. Ct. 913, 915 (1962).  If venue is improper, "a district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice." Caldwell v. Palmetto State Savs. Bank of S. C., 811 F.2d 916, 919 (5th Cir. 1987).

    2.   Forum Selection Clause

Federal law governs the determination of the enforceability of a forum selection clause for diversity cases in federal court. Haynsworth v. The Corporation, 121 F.3d 956, 962 (5th Cir. 1997). A forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 92 S. Ct. 1907, 1913 (1972) (internal quotation marks

and citations omitted); *see also* Mitsui & Co. (USA), Inc. v. Mira M/V, 111 F.3d 33, 35 (5th Cir. 1997); Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 301 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1031 (1999). "Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." Haynsworth, 121 F.3d at 963. "The party resisting enforcement [of the forum selection clause] on these grounds bears a 'heavy burden of proof.'" Id. (quoting The Bremen, 92 S. Ct. at 1917); *accord* Afram Carriers, 145 F.3d at 301.

B.  Analysis

Defendant asserts that venue is improper because its contract with Plaintiff designates the District Court of Kansas, Kansas City, as the exclusive forum.[5]  Plaintiff does not challenge the

---

[5] *See* Document No. 8 at 3.  The forum selection clause in the contract governing this dispute states: "Any claim, dispute or litigation relating to these Terms and Conditions, any shipment scheduled or tendered hereunder or through the Company's website . . . shall be filed in the District Court of Johnson County,

4

validity of the forum selection clause or argue that the clause is the product of fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the plaintiff of its day in court. Instead, Plaintiff asserts that it would be inconvenient, costly, and that it would be unfair to require Plaintiff, a small company with limited resources, to travel to Kansas to litigate this dispute against a large company. However, it is "incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold a party to his bargain." The Bremen, 92 S. Ct. at 1917; *see also* L.A. Pipeline Const. Co. v. Tex. E. Prods. Pipeline Co., 699 F. Supp. 185, 188 (S.D. Ind. 1988) (finding that a disparity in size between litigants and fact that the majority of witnesses were closer to plaintiff did not prevent enforcement of the forum selection clause and transfer to Texas). Plaintiff fails to meet its "heavy burden" to show that the clause is unreasonable or that transfer would be improper. Because the District of Kansas is the venue agreed to by the parties, this case will be transferred to that district. 28 U.S.C. § 1406(a).

---

Kansas or in the United States District Court for the District of Kansas in Kansas City and shall be subject to Kansas law." Id., ex. 4 ¶ 5.

III. <u>Order</u>

It is therefore ORDERED that

Defendant Freightquote.com, Inc.'s Motion to Transfer Venue (Document No. 8) is GRANTED, and this case is TRANSFERRED to the United States District Court for the District of Kansas, Kansas City, Kansas, pursuant to 28 U.S.C. § 1406(a).

The Clerk will mail a copy of this Order of Transfer to the Clerk of the United States District Court for the District of Kansas, Kansas City, Kansas, and shall notify all parties and provide them with a true copy of this Order.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this <u>20th</u> day of June, 2012.

```
                          _____
                                EWING WERLEIN, JR.
                            UNITED STATES DISTRICT JUDGE
```